**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRIS MCALARY,

                Appellant,

vs.

CASH CLOUD INC., *et al.*,

                Appellees.

Case No.: 2:23-cv-01580-GMN

**ORDER**

This case is before the court on appeal from the United States Bankruptcy Court for the District of Nevada. Before the Court is the Opening Brief, (ECF No. 20), filed by Appellant Chris McAlary, appealing the bankruptcy court's Order on Motion to Convert Case to Chapter 7. Appellees Cash Cloud Inc. and Official Committee of Unsecured Creditors ("UCC") filed an Answering Brief, (ECF No. 35), to which Appellant filed a Reply Brief, (ECF No. 39). For the reasons set forth below, the Court AFFIRMS the bankruptcy court's denial of McAlary's Motion to Convert Case to Chapter 7.

**I.    BACKGROUND**

The following factual findings are taken from the bankruptcy court's Order. On February 7, 2023, Appellee Cash Cloud filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. (Order on Mot. Convert 1:19–2:1, ROA 001603–1610, Appx. 8 to Opening Br., ECF No. 26). The Petition was signed by Chris McAlary, Appellant in this case, as Cash Cloud's president. (*Id.* 2:3–4). On February 17, 2023, an official committee of unsecured creditors was appointed in this Chapter 11 proceeding. (*Id.* 2:8–9). On March 9, 2023, Cash Cloud filed its schedules of assets and liabilities and its statement of financial affairs which attests that McAlary was the Chief Executive Officer who holds 100% of the

interest in Cash Cloud. (*Id.* 2:10–13).  A few months later, Cash Cloud filed a proposed Chapter 11 plan of reorganization providing for implementation alternatives based on whether the Cash Cloud completed a sale of its assets, which was signed by McAlary as Chief Executive Officer. (*Id.* 2:15–19).

On June 8, 2023, McAlary resigned as Chief Executive Officer. (*Id.* 3:1).  A few months later, Cash Cloud filed an amended proposed Chapter 11 plan implementing the asset-sale alternative. (*Id.* 3:4–5).  Six days later, McAlary filed the Conversion Motion at issue here. (*Id.* 3:10).  Cash Cloud filed an opposition to the Conversion Motion, and the UCC joined. (*Id.* 4:9–12).  On September 18, 2023, the bankruptcy court denied McAlary's Motion to Convert Case to Chapter 7.  McAlary then appealed the bankruptcy court's Order overruling his objection.  The Court now addresses that appeal below.

## II.     LEGAL STANDARD

"The decision to convert [a] case to Chapter 7 is within the bankruptcy court's discretion." *Pioneer Liquidating Corp. v. United States Trustee* (*In re Consol. Pioneer Mortg. Entities*), 264 F.3d 803, 806 (9th Cir. 2001).  "A court reverses a bankruptcy court only if its decision was 'based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based [its] decision.'" *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (quoting *Pioneer*, 264 F.3d at 806).

The standard for converting a Chapter 11 case to Chapter 7 is set out in 11 U.S.C. § 1112.  This statute provides that the bankruptcy court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1).  However, even if cause is established, § 1112(b)(2) prohibits a bankruptcy court from granting relief under § 1112(b)(1) if the bankruptcy "court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the

debtor or any other party in interest establishes [one of two enumerated circumstances]." *Id.* § 1112(b)(2). Thus, there are three primary inquiries: (1) whether cause exists for granting relief under § 1112(b)(1); (2) whether granting relief is in the creditors' and the estate's best interests; and (3) if so, which form of relief best serves the creditors' and the estate's interests.

## III. DISCUSSION

McAlary argues that the bankruptcy court erred in applying 11 U.S.C. § 1112(b)(2), and in finding that § 1112(b)(2) was satisfied by the unusual circumstances in this case. (Opening Br. 23:14–30:2). The Court disagrees.

Section 1112(b)(2) states that a court "may not" convert Chapter 11 proceeding to Chapter 7 if it "finds and specifically identifies unusual circumstances establishing that converting . . . the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that:"

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>   i. for which there exists a reasonable justification for the act or omission; and
>   ii. that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

The bankruptcy court denied McAlary's Motion to Convert because it found unusual circumstances established that converting the case is not in the best interest of creditors and the estate. (Order on Mot. Convert 6:3–7, ROA 001603–1610, Appx. 8 to Opening Br., ECF No. 26). It also found that § 1112(b)(2)(A) was satisfied because the plan had already been confirmed, so it was more than likely to be confirmed. (*Id.* 5:20–22). Lastly, the bankruptcy court explained that § 1112(b)(2)(B) was satisfied because it specifically excludes

§ 1112(b)(4)(A), which is the only ground for conversion that McAlary argued in his Motion. (*Id.* 5:22–25).

McAlary first argues that the bankruptcy court erred when it found the unusual circumstances test applicable. (Opening Br. 24:10–11). He contends that where there is a showing that the provisions of § 1112(b)(4)(A) apply, the saving features of § 1112(b)(2) do not apply. (*Id.* 24:15–25:8). Thus, because he showed the requirements of (b)(4)(A), he argues that the bankruptcy court erred in applying the unusual circumstances exception in the first place. (*Id.* 25:5–8). The Court disagrees. As the Ninth Circuit has recently explained,

> "*even if cause is established*, Section 1112(b)(2) prohibits a bankruptcy court from granting relief under Section 1112(b)(1) if the bankruptcy 'court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes [one of two enumerated circumstances].'"

*In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (emphasis added). The language of the statute makes clear that, even if there is cause for conversion, a court cannot convert a case to chapter 7 if it finds that the requirements of § 1112(b)(2) are satisfied. 11 U.S.C. § 1112(b)(2). Thus, even if McAlary had successfully shown that there was cause for conversion under § 1112(b)(4)(A), the bankruptcy court did not err in applying § 1112(b)(2) once it found that unusual circumstances were present.

McAlary next argues that the "unusual circumstances" identified by the bankruptcy court were neither unusual nor establish that conversion is not in the best interest of the creditors and the estate. (Opening Br. 26:2–4). The Court reviews the bankruptcy court's finding of unusual circumstances for clear error; the question is whether the "record contains no evidence on which the bankruptcy court could have based its decision." *In re Baroni*, 36 F.4th at 965. The term "unusual circumstance" "contemplates conditions that are not common in chapter 11 cases." *Id*. at 968 (quoting *Mohmood v. Khatib (In re Mahmood)*, No. 15-BK-25381,

2017 WL 1032569, at *8 (B.A.P. 9th Cir. Mar. 17, 2017) (unpublished)). "[C]ircumstances inherently present in bankruptcy, such as disputes regarding the validity and amount of a creditor's claim, are not 'unusual.'" *Id.* To meet the standard in § 1112(b)(2), "there must be something beyond the inherent financial pressures and adversarial differences involved in a bankruptcy case to establish that the purposes of Chapter 11 or the creditors' interests are better served by continuing under that chapter." *Id.*

The bankruptcy court identified the following unusual circumstances:

1. "McAlary's commencement of the Chapter 11 proceeding as the Debtor's sole shareholder, officer and director;
2. McAlary's execution of the Schedules, SOFA, and other material under penalty of perjury;
3. McAlary's resignation after submission of a Chapter 11 plan that permitted substantially all of the estate assets to be sold;
4. McAlary's subsequent resignation and transition to the independent director;
5. The UCC's investigation and pursuit of estate claims against multiple parties including McAlary;
6. The Debtor's decision to pursue confirmation of the Amended Plan rather than voluntary dismissal or conversion to Chapter 7; and
7. The absence of any other creditor support in favor of conversion."

(Order on Mot. Conversion 6 n.7). The bankruptcy court concluded that those circumstances establish that conversion of the Chapter 11 proceeding to Chapter 7 is not in the best interests of creditors and the estate. (*Id.* 6:3–7). The circumstances that the bankruptcy court identified are not those "inherently present in bankruptcy, such as disputes regarding the validity and amount of a creditor's claim." *In re Baroni*, 36 F.4th at 968. Further, this list of identified circumstances itself demonstrates that there is evidence in the record that supports the bankruptcy court's finding that conversion was not in the best interests of the creditors. The unusual facts present in this case, including McAlary's various roles in the bankruptcy and the lack of support from all other creditors in favor of conversion, support the bankruptcy court's conclusion. Accordingly, the Court finds that the bankruptcy court did not clearly err in

concluding that unusual circumstances in this case establish that conversion of this proceeding to Chapter 7 is not in the best interest of the creditors. Further, the bankruptcy court did not err in finding that the requirements of § 1112(b)(2)(A) and (B) were met.

Even if cause is established, Section 1112(b)(2) prohibits a bankruptcy court from converting the case if its requirements are satisfied. Because the bankruptcy court did not err in finding that the requirements of § 1112(b)(2) were met, the remainder of McAlary's arguments regarding cause are moot. Accordingly, the Court AFFIRMS the bankruptcy court's order denying McAlary's Motion to Convert.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the bankruptcy court's Order Denying McAlary's Motion to Convert to Chapter 7 is **AFFIRMED.**

**DATED** this __4___ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT